# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-41195
Summary Calendar

ISRAEL PINO MENDIVIA,

Petitioner-

Appellant,

versus

UNITED STATES OF AMERICA; IMMIGRATION
AND NATURALIZATION SERVICE,

Respondents-

Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-517

March 16, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

Israel Pino Mendivia, immigration detainee # 02723-000, appeals from the district court's denial of his 28 U.S.C. § 2241 petition. Mendivia, who came to the United States in 1980 as part of the Mariel boatlift, argues that his continued detention beyond the completion of his sentence constitutes an impermissible punishment and violates his substantive due process rights.

This court reviews <u>de novo</u> the district court's dismissal of a habeas corpus petition challenging the detention of an excluded alien. <u>Gisbert v. United States Attorney General</u>, 988 F.2d 1437, 1440 (5th Cir. 1993), <u>as amended by</u>, 997 F.2d 1122 (5th Cir. 1993). We held in <u>Gisbert</u> that an excluded alien's substantive due process rights have not been violated because the indefinite detention is not a "punishment." <u>Id.</u> at 1441-42. In addition, because the Attorney General has

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion to grant or deny immigration parole, Mendivia has no liberty interest in immigration parole. Id.; see also Zadvydas v. Underdown, 185 F.3d 279, 288-91, 297 (5th Cir. 1999), petition for cert. filed, (U.S. Jan. 11, 2000) (No. 99-7791). Accordingly, the judgment of the district court is AFFIRMED.